# In the United States Court of Federal Claims

| | |
|---|---|
| CHARLES C. BREWINGTON, SR., MARLA FAYE BREWINGTON, CHARLES C. BREWINGTON, JR., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 19-cv-611 C <br><br> Filed: April 1, 2020 |

ORDER

Plaintiff *pro se* Charles C. Brewington, Sr. ("Mr. Brewington") brings this action on behalf of himself and purportedly on behalf his children, Marla Faye Brewington, and Charles C. Brewington, Jr. (collectively "Plaintiffs"),[1] alleging that he was wrongfully convicted of murder in the early 1990s, and relatedly that the U.S. Army engaged in tortious and unlawful conduct, and breached alleged contractual, benefits, and pay obligations to him during the same time period. *See* "Emergency-Civil-Suit-For-Breach-of-Contract-This Court Has Authority And Jurisdiction Federally Reinstate Plaintiff to U.S. Army From Unlawful Custody." (ECF No. 1) (Complaint or Compl.) at 2-5; *see also id.* at 5 (alleging breach of contract in March and May 1991); *id.* at 6 (seeking "27 years 8 months" of back pay); *id.* at 4 (claiming denial of VA benefits in 1996); *id.*

---

[1] There is no indication that Plaintiffs Marla Faye Brewington and Charles C. Brewington, Jr. have consented to this suit, and they have not signed the complaint. *See* Rule 11(a). As *pro se* plaintiffs are entitled to some leniency in their pleadings, the Court will consider Mr. Brewington's children as properly pleaded plaintiffs for the purpose of considering Defendant's Motion to Dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

at 3 (noting "judgment and sentence of conviction dated Jan. [2], 1992").  Mr. Brewington also alleges that from 1991 to 1994, his children were subjected to physical harm by a relative and the New York Department of Social Services.  *See* Compl. at 5.  Plaintiffs seek a jury trial, "[p]unitive damages to be set by [a] [j]ury," $128,000,000 in damages, and reimbursement of court filing fees.  Compl. at 6.  Mr. Brewington, who is incarcerated, also appears to seek release from prison, an order overturning his criminal conviction, reinstatement into the U.S. Army, and back payment of 27 years and 8 months.  *See id.*

Defendant timely moved to dismiss this action pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rules).  *See* Motion to Dismiss (ECF No. 7) (Def. Mot.).  Defendant contends that Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction because (1) Plaintiffs' claims are time-barred, and (2) Plaintiffs' allegations raise tort and *habeas corpus* claims that are not within this Court's jurisdiction.  *See* Def. Mot. at 2-3; Reply to Response to Motion to Dismiss (ECF No. 11) (Def. Reply) at 1-2.  For the reasons stated herein, Defendant's Motion to Dismiss is granted.

## APPLICABLE LEGAL STANDARD

Pursuant to Rules 12(b)(1) and 12(h)(3), this Court must dismiss claims that do not fall within its subject matter jurisdiction.  When considering a motion to dismiss based on upon lack of subject matter jurisdiction, this Court accepts as true all factual allegations the non-movant makes and draws all reasonable inferences in the light most favorable to that party.  *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (citation omitted).  While this Court must liberally construe the filings of *pro se* plaintiffs, such as Mr. Brewington, such plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence.  *See Erickson*, 551 U.S. at 94; *Landreth v. United* States, --- F. App'x ---, 2020 WL 114521, at *2  (Fed.

Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Kelly v. Sec'y U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).  As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* litigants.  *See id*.

## DISCUSSION

The United States Court of Federal Claims is a court of limited jurisdiction.  Through enactment of the Tucker Act, which acts as a waiver of sovereign immunity, Congress has placed within this Court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983).  The Tucker Act is a jurisdictional statute and does not create any enforceable right against the United States on its own.  *See Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 398 (1976); *Todd v. United States*, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004).  In order to fall within the Tucker Act's waiver of sovereign immunity, a plaintiff's claim for money damages against the United States must be based upon an express or implied contract with the United States, or a money-mandating constitutional provision, statute, or regulation.  *See* 28 U.S.C. § 1491(a); *Mitchell*, 463 U.S. at 216-18.

Congress has also mandated that a claim for money damages under the Tucker Act must be brought within six years after the date the claim accrues.  28 U.S.C. § 2501; *Soriano v. United States*, 352 U.S. 270, 272-73 (1957); *Mclean v. United States*, 454 F.3d 1334, 1336 (Fed. Cir. 2006).  The statute of limitations requirement is a jurisdictional requirement that may not be waived. *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354-55 (Fed. Cir. 2006),

*aff'd,* 552 U.S. 130 (2008); *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc). The statute of limitations begins to run under the Tucker Act, "when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue [in this Court] for his money." *Martinez v. United States*, 333 F.3d at 1303 (internal quotations and citations omitted). Claims for military back pay accrue on the date "on which the service member was denied the pay to which he claims entitlement." *Id.* at 1314.

Even assuming, *arguendo*, that Plaintiffs have properly pleaded claims within this Court's subject matter jurisdiction, all of Plaintiffs' claims, as detailed in their Complaint and Response, arose in the 1990s, well outside of the 6-year statute of limitations period. *See Mclean*, 454 F.3d at 1335-36. Specifically, Mr. Brewington contends that the incidents underlying his claims against the U.S. Army, including but not limited to an unspecified breach of contract and a claim for back pay, occurred in March and May 1991. *See* Compl. at 2-5; Plaintiff's Response to the Motion to Dismiss (ECF No. 10) (Pl. Resp.) at 1. Mr. Brewington alleges that an entitlement to benefits accrued as early as 1996. *See* Compl. at 4. He further alleges that the torts and crimes that occurred against his children similarly arose in the 1990s, "[b]etween June 7, 1991 [t]o May 4, 1994." *See* Compl. at 5. As this Court does not have the ability to waive the statute of limitations period, Plaintiffs' claims must be dismissed because they are clearly time-barred. *See John R. Sand & Gravel Co.*, 457 F.3d at 1354-55.

Additionally, this Court does not have jurisdiction to hear Plaintiffs' claims for compensation based in tort, including those allegations related to physical harm inflicted against his children. *See* Compl. at 5. Congress has expressly excluded such tort claims from this Court's jurisdiction. *See* 28 U.S.C. § 1491(a); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Similarly, to this Court does not have jurisdiction over Plaintiffs'

claims related to potential entitlement to veterans' benefits. *See* Compl. at 2, 4; *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (per curiam) (U.S. Court of Appeals for Veterans Claims has exclusive jurisdiction over veterans' benefits claims); 38 U.S.C. § 7252(a). Nor does this Court have jurisdiction to consider Mr. Brewington's claim that his criminal conviction should be overturned, his claims sounding in *habeas corpus*, or other claims that he was not afforded due process during his criminal proceedings. *See* Compl. at 2-5; Pl. Resp. at 2-5; *see, e.g., Curry*, 787 F. App'x at 723; *Canuto v. United States*, 651 F. App'x 996, 997 (Fed. Cir. 2016); *Joshua v. United States*, 17 F.3d 378, 379-80 (Fed. Cir. 1994). Congress did not provide this Court the ability to review or overturn state criminal convictions or mandate the release of Mr. Brewington from prison. *See id;* 28 U.S.C. § 1491(a).

Finally, this Court's subject matter jurisdiction is limited to suits against the United States; it does not have jurisdiction over non-federal entities or other individuals, such as Plaintiffs' relatives, states, state employees, and state institutions. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (Tucker Act "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . relief sought [against parties other than the] United States . . . must be ignored as beyond jurisdiction of the court."). To the extent that Plaintiffs' claims can be construed as against private persons, the State of Oklahoma, the New York Department of Social Services, or other non-federal actors, those claims are dismissed for lack of jurisdiction. *See id; Curry*, 787 F. App'x at 722-23 (citing *Trevino*, 557 F. App'x at 998); Compl. at 2-6.

Because Plaintiffs' claims exceed the jurisdiction of this Court and are otherwise time-barred, Plaintiffs' Complaint must be dismissed pursuant to Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction.

CONCLUSION

For the reasons set forth herein, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 7).  Plaintiffs' Complaint is dismissed without leave to replead.  The Clerk of Court is directed to mark this case as closed.

IT IS SO ORDERED.

s/Eleni M. Roumel
ELENI M. ROUMEL
Judge

Dated:  April 1, 2020